IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JEFFREY MOORE, § | |
| § | |
| Movant, § | |
| § | |
| V. § | NO. 4:20-CV-1097-O |
| § | (NO. 4:18-CR-074-O) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

## OPINION AND ORDER

Came on for consideration the motion of Jeffrey Moore, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, movant's motions to supplement with additional grounds, the record, including the record in the underlying criminal case, No. 4:18-CR-074-O, and applicable authorities, finds that the motions should be denied.

## I. BACKGROUND

The record in the underlying criminal case reflects the following:

On May 16, 2018, movant was named in a three-count superseding indictment charging him in count one with possession with intent to distribute more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), in count two with possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and in count three with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). CR Doc.[1] 23. Movant was

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:18-CR-074-O.

tried by a jury and found guilty on counts on and two. CR Doc. 45. The Court dismissed count three of the superseding indictment on movant's motion at the conclusion of the trial. CR Doc. 43.

The probation officer prepared a presentence report ("PSR"), reflecting that movant's base offense level was 36 as the offense involved at least 15 kilograms of methamphetamine. CR Doc. 47, ¶ 29. He received a two-level increase for maintaining a drug premises. *Id.* ¶ 31. Based on a total offense level of 38 and a criminal history category of V, movant's guideline imprisonment range was 360 months to life. *Id.* ¶ 108. Movant filed objections, CR Doc. 49, and the probation officer prepared an addendum to the PSR rejecting movant's objections. CR Doc. 50. Movant persisted in his objections at sentencing and the court granted the objections in part, finding that a reasonable estimate of the quantity of drugs involved was 10 to 11 kilograms, reducing movant's base offense level to 36 and a guideline imprisonment range of 292 to 365 months. CR Doc. 75 at 13–14. The Court sentenced movant to a term of imprisonment of 360 months as to count one and a term of imprisonment of 60 months as to count two, to be served consecutively. CR Doc. 63. Movant appealed, CR Doc. 65, and his convictions were affirmed. *United States v. Moore*, 773 F. App'x 202 (5th Cir. 2019). He did not file a petition for writ of certiorari.

**II. GROUND OF THE MOTION**

Movant asserts one ground in support of his motion, worded as follows:

> [Movant] was deprived of constitutionally effective assistance of counsels in violation of the Sixth Amendment and 18 U.S.C. § 3006A, for counsels failed to address, argue or properly investigate issues that pertained to the constitutionality of a traffic stop, or its fruits thereof.

Doc.[2] 1 at 14.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

On December 4, 2020, the clerk received for filing a motion to supplement additional grounds. Doc. 7. Although the motion was dated November 10, 2020, it appears to have been sent much later, as it arrived via Federal Express. *Id.* at 33. The proposed "Ground #2" was worded as follows:

> [Movant] was deprived of an effective assistance of counsel during trial in violation of the 6th Amendment and 18 U.S.C. § 3006A, for Court appointed defense counsel did so introduce a hostile witness whose testimony was adverse to [movant's] defense and caused extreme prejudice.
> Court appointed appellate counsel was further ineffective for failing to raise the issues that is stated in ground #2 at direct appeal.
> Appellate counsel was so ineffective as to deny [movant] any afforded consultation prior to the filing of a brief in [movant's] direct appeal.

*Id.* at 3.

The Court ordered the government to respond to the proposed supplemental motion as well as the original § 2255 motion. Doc. 8. After the government filed its response, Doc. 9, movant again filed a motion to further supplement his motion with additional grounds. Doc. 12. This motion, although bearing a date of January 15, 2021, arrived via Federal Express and was filed March 2, 2021. *Id.* The proposed "Ground #3" is worded as follows:

> The District Court of Northern Texas that determined and delivered a criminal judgement against [movant] under case #4:18-CR-074-O-1, did so render it without proper jurisdiction.
> The Court has oppressively abused its power and authority where the governments [sic] charges actually lacked all fundamental or essential facts concerning the subject-matter at hand.
> The government as a whole has falsely stood as witnesses in obtaining this illegal conviction, in and especially after [movant] exercised a constitutional right to a trial by jury and exerted the right under the 5th Amend., not to speak or cooperate in accordance with the benefit of not being a witness against oneself, being that justifiable evidence never existed.
> Without the use of the false conceptions that the governments as a whole have created against [movant], and thus being made evident through out grounds one and two of this habeas [motion], the accusations that were brought against [movant] certainly cannot legally stand where truth does exist.

3


> These scheming contrivances that were falsely framed by U.S. Prosecutors through an indictment of judicially accused offenses are fundamentally unfit and incompatible as related to the facts of [movant's] actual conduct, and with [movant's] exercised right not to cooperate, either by plea agreement or in any other acknowledged admissions of guilt, the government charging had no right nor jurisdiction to exercise any authority, leaving said District Court also powerless to interpret or apply any statutes of law against [movant], without the showing of fault!
>
> The government as a whole has violated [movant's] inalienable right to freedom and liberty guaranteed to all its citizenry.

*Id.* at 5–6.

### III. APPLICABLE LEGAL STANDARDS

#### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a

4

later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

### C. Timeliness

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

## IV. ANALYSIS

### A. Original Motion

In his original motion, movant raises ineffective assistance of counsel pertaining to the "constitutionality of a traffic stop, or its fruits thereof." Doc. 1 at 14. As best the Court can tell, movant contends that while a search warrant was being served at a house where he stayed, he drove away on his motorcycle. Police pulled him over and detained him unlawfully. He was kidnapped when he got into a vehicle with an officer who drove away from the motorcycle and back to the house. The motorcycle and cash from movant's wallet were confiscated. Police let other people they found in the house leave, but took movant into custody. In the house, they found a lease agreement reflecting movant was the lessee. Movant admitted that the methamphetamine in the house was his, but now says that he did not receive proper *Miranda* warnings. Movant asks the Court not only to investigate the attorneys who represented him, but the Fort Worth Police Department and members of the Tarrant County District Attorney's office involved in state

6

proceedings against him.³ He seems to be of the belief that his attorneys allowed the presentation of false evidence against him and allowed him to be subjected to double jeopardy, the state proceedings against him having been dismissed.

Clearly, movant is of the opinion that his counsel failed to properly investigate the case and litigate suppression of evidence against movant. The record reflects, however, that movant's counsel filed two lengthy and detailed suppression motions. CR Docs. 20, 36. Ultimately, the government decided not to use at trial the statements movant made following his arrest. CR Doc. 39. Because movant's statements were not used against him, he cannot show prejudice, i.e., that the outcome of the proceedings would have been different had his counsel acted differently. *Cullen*, 563 U.S. at 189.

Movant next argues that he received ineffective assistance because counsel failed to pursue dismissal of the case based on double jeopardy. Doc. 1 at 23. The U.S. Constitution provides that a person shall not be subject for the same offense to be twice put in jeopardy. U.S. Const. amend. V. As the Supreme Court has made clear, however, the clause does not prevent prosecution by both state and federal authorities. *Abbate v. United States*, 359 U.S. 187, 195 (1959); *United States v. Patterson*, 809 F.2d 244, 247 (5th Cir. 1987). Moreover, and in any event, as movant admits, the state case against movant was dismissed prior to trial; therefore, jeopardy never attached in the state case. *Serfass v. United States*, 420 U.S. 377, 388–89 (1975). Counsel cannot have been ineffective for failing to raise a meritless claim. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

---

³ It also appears that movant is seeking legal advice about pursuing civil or other actions against persons involved. Doc. 1 at 28–29. A large portion of his argument is directed to the investigation he seeks to have the Court undertake. *Id.* at 27–41. These are not proper subjects of a § 2255 motion.

Movant argues that the lease agreement discovered at the house during execution of the search warrant was fabricated and should not have been admitted into evidence. He says that without the agreement, he could not have been convicted.[4] Doc. 1 at 42–43. He does not point to any evidence to corroborate this assertion. Conclusory allegations are insufficient to support constitutional claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). The Court cannot consider movant's bald assertions on a critical issue to be of probative evidentiary value. *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

Movant urges that he received ineffective assistance on appeal, because counsel would not consult with him about his brief and would not assist him with a state court proceeding. Doc. 1 at 24–26. As he notes, counsel advised that he was only appointed to represent movant on appeal and could not assist with other matters. *Id.* at 26. For the reasons previously discussed, movant has not shown that he received ineffective assistance at trial. He has not shown that any of the matters he wished to raise on appeal would have had the slightest merit, much less been successful. *See United States v. Williamson*, 183 F.3d 458, 463 & n.7 (5th Cir. 1999)(decision to omit an argument on appeal only rises to ineffectiveness when directly controlling authority would have been in movant's favor such that the appeal would have been successful). Appellate counsel is not required to raise every nonfrivolous ground of appeal available. *Dorsey*, 720 F.3d at 320. Because counsel filed a merits brief on behalf of movant, movant must show that a particular nonfrivolous issue was clearly stronger than the issues counsel did present. *Id.* Movant must overcome the strong presumption that counsel's choice of the issues presented was a matter of tactics rather than sheer

---

[4] The Court notes that there was evidence besides the lease agreement to tie movant to the house. For example, Exhibit 31 was a water bill addressed to movant at the house. CR Doc. 74 at 36. Exhibit 32 was a Texas liability insurance card issued to movant at the same address. *Id.* at 36–37. Movant's name was painted on the mailbox. *Id.* at 18.

neglect. *Id.* To be deficient, the decision not to raise an issue must fall "below an objective standard of reasonableness." *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000)(quoting *Strickland*, 466 U.S. at 688). And, movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 350 (quoting *Strickland*, 466 U.S. at 694). In other words, he must show that the Fifth Circuit would have granted relief on appeal. *Id.* This he has not done.

### B. Motions to Supplement

On July 10, 2019, the Fifth Circuit affirmed movant's conviction. 773 F. App'x 202. His judgment became final 90 days later, when the time for filing a petition for writ of certiorari expired. *Clay v. United States*, 537 U.S. 522, 525 (2003). Movant's § 2255 motion was timely filed, but the motions to supplement were not filed until after the one-year deadline passed. He argues in each case that he should not be procedurally barred from raising the new ground because the government had not yet responded to his original motion. Doc. 7 at 1; Doc. 12 at 1. Of course, the government had already responded by the time movant submitted his second motion. Doc. 9.

Amendments may be made to a § 2255 motion after the one-year limitations period has expired only if the amended claims relate back to the original. *United States v. Gonzalez*, 592 F.3d 675, 679 (5th Cir. 2009). An amendment relates back to the date of the original pleading when it asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out in the original pleading. Fed. R. Civ. P. 15(c)(1)(B); *Gonzalez*, 592 F.3d at 679. To determine whether a new ground relates back, the Court considers whether the new ground is supported by facts that differ in both time and type from those set forth in the original pleading. *Mayle v. Felix*, 545 U.S. 644, 650 (2005). If so, the new claim is time-barred. *Id.*

New claims do not relate back simply because they are tied to the same constitutional deprivation, *e.g.*, ineffective assistance of counsel. *Gonzalez*, 592 F.3d 679–80. Here, although the first motion to supplement, Doc. 7, is based on ineffective assistance, it clearly relates to an entirely separate set of facts. The proposed ground alleges that counsel was ineffective in calling a hostile witness whose testimony was adverse to movant's defense and caused him extreme prejudice and that appellate counsel was ineffective in failing to raise this on appeal. *Id.* at 3. The second motion to supplement, Doc. 12, asserts an entirely separate matter, the Court's alleged lack of jurisdiction over the case. *Id.* at 5. Neither of these new grounds relates back to the original. Accordingly, they cannot be raised now.[5] *Mayle*, 545 U.S. at 650.

## V. CONCLUSION

For the reasons discussed herein, the relief sought in movant's motions is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 12th day of April, 2021.

Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[5] Even if the Court is mistaken and the new grounds could be raised, leave to amend may be denied where the proposed amendment would be futile. *Gonzalez*, 592 F.3d at 681. Such is the case here with the proposed amendments.